Argued July 17, reversed and remanded September 11, 1970

RENEKE, *Appellant*, *v.* BAKER ET AL, *Respondents.*

474 P2d 5

*Ronald L. Miller*, Astoria, argued the cause for appellant. With him on the briefs was Nicholas D. Zafiratos, Astoria.

*Harold A. Snow*, Astoria, argued the cause for respondents. With him on the brief were Macdonald, Dean & McCallister and Robert C. Macdonald, Astoria.

Before O'CONNELL, Chief Justice, and SLOAN, HOLMAN and HOWELL, Justices.

HOWELL, J.

After an original and five amended complaints, the plaintiff appeals from a judgment entered on an

order sustaining a demurrer to his sixth amended complaint. The demurrer was based on the grounds that plaintiff failed to allege a cause of action.

Eliminating the allegations regarding plaintiff's injuries and the prayer, the complaint alleges:

"I

"That at all times mentioned herein the Defendants were doing business under the name and style of Davy Jones Locker and said establishment was located in the City of Astoria, County of Clatsop, State of Oregon.

"II

"That on or about the 16th day of May, 1965, the Plaintiff was a patron of establishment and that at the foregoing time and place the Plaintiff, at the request of the Defendant's employee, mounted a table for the purpose of shutting off a heater; that said table was the only means indicated by said employee and that while the Plaintiff was so engaged, said table broke suddenly and without warning, causing the Plaintiff to be thrown to the floor and causing him the injuries hereinafter alleged.
"* * *

"IV

"That the foregoing fall and injuries were proximately caused by the Defendants' negligence as follows:

(1) In failing to furnish the Plaintiff with a table which would not break when stepped upon for the purpose of Plaintiff shutting off the aforesaid heater.

(2) In failing to provide another means of turning off said heater when the Defendants knew or, in the exercise of reasonable diligence, should have known that the Plaintiff would use said table for the purpose of shutting off the heater.

(3) In failing to warn the Plaintiff of the defective table which Defendants knew or, in the exercise of reasonable diligence, should have known would not support the Plaintiff's weight when he stepped upon it."

The defendants contend that their duty to the plaintiff is governed by Restatement of Torts 2d, § 343:

"§ 343. Dangerous Conditions Known to or Discoverable by Possessor.

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

The defendants submit that a restaurant table which will not support an adult is not an unreasonably dangerous condition. This may be true, but it involves a question of proof under the pleadings. The plaintiff was not required to use the words of the Restatement and allege a conclusion; it was sufficient for him to state that he mounted the table and that it broke suddenly and without warning, throwing him to the floor.

The defendants also contend that plaintiff's complaint shows on its face that plaintiff had an opportunity to observe the table and appraise its risks. This argument is without merit. There is nothing in the complaint which would show that plaintiff knew

the table would collapse. On the contrary, the plaintiff alleged that the table broke suddenly and without warning. Again, the condition of the table and the knowledge of the plaintiff are matters of proof.

Defendants' arguments that the complaint shows plaintiff was a volunteer and contributorily negligent as a matter of law are also without merit. The complaint alleges that the defendants' employee requested the plaintiff to stand on the table to turn off the heater. The complaint does not allege that the table was weak or unsteady and does not show plaintiff to be contributorily negligent as a matter of law.

Finally, the defendants contend that the complaint does not allege that the defendants' employee was acting within the scope of his employment. The defendants concede in their brief that the words "scope of employment" may not be essential, but argue that there is no other language of equivalent meaning in the complaint. We disagree.

The complaint alleges that it was the defendants' employee who requested the plaintiff to stand on the table and that "the defendants" were negligent in certain particulars. We believe that these allegations are sufficient in this case to state a cause of action based on respondeat superior.

Reversed and remanded.